Ruth A. Shapiro, 9356
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, UT 84111
(801) 521-9000
ras@scmlaw.com
*Attorney for ShopKo Stores Operating Co., LLC*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRENDA BRONSON,<br><br>    Plaintiff,<br><br>v.<br><br>SHOPKO STORES OPERATING CO., LLC,<br><br>    Defendant. | PLAN ADMINISTRATOR'S RESPONSE TO PLAINTIFF'S MEMORANDUM<br><br>Civil No.: 2:18-cv-00123-CW<br><br>Judge Clark Waddoups |

Comes now META Advisors, Inc., in its capacity as Plan Administrator (the "Plan Administrator") of Specialty Retail Shops Holding Corp. and its debtor affiliates (collectively, the "Post-Effective Date Debtors")[1] in the chapter 11 cases (the "Chapter 11 Cases") of the Post-Effective Date Debtors, and hereby files this Response (the "Response") to *Plaintiff's Memorandum on Status Report on the Court's Stay Based on Defendant's Bankruptcy Proceedings* (the "Memorandum") [Docket No. 23] in the above-captioned proceeding brought by plaintiff Brenda Bronson ("Bronson") and, in support thereof, submits the following:

---

[1] The debtors in the Chapter 11 Cases are: Specialty Retail Shops Holding Corp; Pamida Stores Operating Co., LLC; Pamida Transportation, LLC; Penn-Daniels, LLC; Place's Associates' Expansion, LLC; Retained R/E SPE, LLC; Shopko Finance, LLC; Shopko Gift Card Co., LLC; ShopKo Holding Company, LLC; ShopKo Institutional Care Services Co., LLC; ShopKo Optical Manufacturing, LLC; ShopKo Properties, LLC; ShopKo Stores Operating Co., LLC; anPd SVS Trucking, LLC.

1

**Procedural Status**

Bronson's Complaint in this matter was filed on February 8, 2018 (Docket No. 3) against ShopKo Stores Operating Co, LLC (the "Defendant"); the Defendant filed its Answer on March 9, 2018 (Docket No. 7).

On January 16, 2019 (the "Petition Date"), Specialty Retail Shops Holding Corp. and certain of its affiliates as described in footnote one hereto (collectively, the "Debtors"), including the Defendant, each filed a voluntary petition for relief under chapter 11 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nebraska (the "Bankruptcy Court") commencing the Chapter 11 Cases.  The Chapter 11 Cases are being jointly administered for procedural purposes as Case 19-80064-TLS.

Upon the Petition Date, section 362 of the Bankruptcy Code operated to impose an "automatic" stay of certain claims and causes of action arising prior to the Petition Date (the "Automatic Stay"), including the instant proceeding.

On January 31, 2019, the Defendant filed notice of the filing of the Chapter 11 Cases and the Automatic Stay (Docket No. 16).

On March 18, 2019, Plaintiff Bronson filed an unsecured, non-priority claim in the Chapter 11 Cases asserting claims arising prior to the Petition Date.  A true and correct copy of that proof of claim is attached to the Plan Administrator's September 30, 2022, Status Report (Docket No. 21).

On June 11, 2019, the Bankruptcy Court confirmed the *Third Amended Joint Chapter 11 Plan of Specialty Retail Shops Holding Corp. and Its Debtor Affiliates* (the "Plan"), as approved by the *Order Confirming the Third Amended Joint Chapter 11 Plan of Specialty Retail Shops Holding Corp. and Its Debtor Affiliates* [Docket No. 1557 in the Chapter 11 Cases] (the

"Confirmation Order"). A true and correct copy of the Confirmation Order, to which the Plan is appended as an exhibit, is attached to the Plan Administrator's September 30, 2022, Status Report (Docket No. 21). The Plan became effective by its terms on March 4, 2022 (the "Effective Date"). *See Notice of (I) Occurrence of Effective Date and (II) Deadlines for Filing Certain Claims and Requests for Payment* [Docket No. 2587 in the Chapter 11 Cases]. On the Effective Date, the Plan Administrator was appointed and granted the authority set forth in the Plan, including, without limitation, the authority to act the on behalf of the Reorganized Debtors. *See, inter alia,* Plan IV.G.4.

## Argument

The Plan Administrator agrees that the Automatic Stay ceased to have any effect upon the Effective Date, and the Chapter 11 Cases have been closed with respect to the Defendant (leaving the Chapter 11 Cases open for administrative purposes under the name of another Debtor). However, Defendant's statement that the Plan Administrator counsel "did not cite anything substantive that would be contrary to the initial analysis stated above" (Memorandum p. 4) is incorrect.

After the Effective Date, Article X.G. of the Plan provides for a broad federal injunction enjoining creditors (the "Plan Injunction"), including but not limited to Bronson, from pursuing their claims and causes of action against the Debtors or the Reorganized Debtors. Paragraph 100 of the Confirmation Order incorporates the Plan Injunction by reference, and Paragraph 104 of the Confirmation Order expressly states:

> Except with respect to the obligations arising under the Plan or the Confirmation Order, and except as otherwise expressly provided in the Plan or the Confirmation Order, all Entities that held, hold, or may hold claims or interests that have been released, discharged, or exculpated pursuant to the Plan and/or the Settlement, are permanently enjoined, from and after the Effective Date, or with respect to the Settlement Parties from and after the Settlement Effective Date, from taking any of the following actions against,

3

as applicable, the Debtors or Reorganized Debtors, the Settlement Parties, or the other Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (3) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property of such Entities on account of or in connection with or with respect to any such claims or interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such Entity has timely asserted such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding an indication of a claim or interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan and/or the Settlement.

Confirmation Order ¶ 124 (emphasis omitted).

In essence, the Plan Injunction steps into the place of the Automatic Stay and serves its function after the Effective Date—prohibiting creditors from pursuing causes of action and claims against the Debtors except in the Bankruptcy Court. Generally speaking, the appropriate remedy for creditors such as Bronson, as counsel was advised during discussions, is to pursue claims in the Chapter 11 Cases rather than in courts of other resort or, at the very least, to seek relief from the Plan Injunction from the Bankruptcy Court.

Moreover, Bronson has availed herself of the bankruptcy process, and, by filing a claim, has expressly submitted herself to the jurisdiction of the Bankruptcy Court. Bronson's claim, if allowed in the Chapter 11 Cases, would be entitled to no better treatment under the Plan than that granted to other holders of allowed Class 4—General Unsecured Claims—under the Plan. The Plan provides that Class 4—General Unsecured Creditors—will share *pro rata* in proceeds and in the priority described in Plan VIII.H, if any such proceeds remain after satisfaction of higher priority claims under the Plan. *See* Plan III.B.4.

The Plaintiff's reliance upon certain provisions in the Plan and Confirmation Order related to insurance does not alter the foregoing. First, even though the Plan permits *certain* insurers to continue to administer, handle, and defend certain claims, that relief is granted solely to those insurers and not to claimants such as Bronson, who would still need relief from the Plan Injunction to pursue her claims before this Court. Moreover, as the language Bronson quotes in the Memorandum makes clear, that relief was granted to the "Chubb Companies" (defined as "ACE American Insurance Company, Federal Insurance Company and/or each of their affiliates and successors" (Confirmation Order ¶ 140(i)) to continue to administer, handle, and defend certain claims. That relief has no bearing upon the insurance appended to the Memorandum, which was issued by AIG—National Union Fire Insurance ("AIG"). Moreover, upon information and belief, the AIG policy on which Bronson seems to wish to rely upon in seeking recovery involves a substantial self-insured retention ("SIR") component. Consequently, to the extent insurance coverage exists—a question as to which the Plan Administrator takes no position—any SIR component would presumably need to be satisfied before insurance could be accessed, which will never come to pass given the non-operating and liquidated status of the insured Debtor.

Consequently, Bronson may not further pursue her complaint before this Court, absent relief from the Plan Injunction which must be sought from the Bankruptcy Court, which has exclusive jurisdiction over the Confirmation Order and the Plan.

DATED this 21st day of November, 2022.

        SNOW CHRISTENSEN & MARTINEAU

        /s/ Ruth A. Shapiro
        Ruth A. Shapiro
        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2022, I caused to be served a true and correct copy of **PLAN ADMINISTRATOR'S RESPONSE TO PLAINTIFF'S MEMORANDUM** to the following:

| | |
|---|---|
| Brian K. Jackson | ( ) Via Facsimile |
| BRIAN K. JACKSON, LLC | ( ) Via Electronic Mail |
| 341 South Main Street, Suite 500 | ( ) Via Hand Delivery |
| Salt Lake City, UT 84111 | ( ) Via First Class Mail, Postage Prepaid |
| brianj@bjacksonlaw.com | ( ) Via Federal Express |
| *Attorney for Plaintiff* | (x) Via the Court's Electronic Filing System |

*Deidra Sandoval*

6