IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRENDA BRONSON, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | Civil No. 2:18-CV-123-DAK-DAO |
| SHOPKO STORES OPERATING CO., LLC, | Judge Dale A. Kimball |
| Defendant. | Magistrate Judge Daphne A. Oberg |

When this case was previously assigned to Judge Clark Waddoups, the parties filed Status Reports with the court with respect to whether this case can continue in light of Defendant's bankruptcy proceedings. META Advisors, Inc. filed the status reports for Defendant in its capacity as Plan Administrator of Specialty Retail Shops Holding Corp. and its debtor affiliates in the Chapter 11 cases, which includes defendant Shopko Stores Operating Co., LLC.

BACKGROUND

Bronson filed her Complaint in this action on February 8, 2018, and Defendant filed its Answer on March 9, 2018. On January 16, 2019, Defendant, along with other Shopko entities, filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On January 31, 2019, Defendant filed a Notice of Filing Chapter 11 and Automatic Stay. The present case was stayed based on the bankruptcy.

On March 18, 2019, Bronson filed an unsecured, non-priority claim in the Chapter 11 cases, asserting claims arising prior to the Petition Date. On June 11, 2019, the Bankruptcy Court confirmed Defendant's Chapter 11 Plan. Based on the terms of the Plan, the Plan became

effective on March 4, 2022.  On that Effective Date, META Advisors, Inc.  was appointed Plan Administrator and granted the authority set forth in the Plan, which includes the authority to act on behalf of Defendant as one of the reorganized debtors.

DISCUSSION

The parties dispute whether Bronson can pursue her claims in this case against Defendant after Defendant's bankruptcy proceedings ended.

As of the Effective Date of the Plan, March 4, 2022, the automatic stay ceased to have any effect and the Chapter 11 cases have been closed with respect to Defendant. After the Effective Date, the Plan provides that "[e]xcept with respect to the obligations arising under the Plan or the Confirmation Order, and except as otherwise expressly provided in the Plan or the Confirmation Order, all Entities that held, hold, or may hold claims or interests that have been released, discharged, or exculpated pursuant to the Plan . . . are permanently enjoined, from and after the Effective Date . . . from . . .: (1) continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interest; (2) . . . recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; . . . and (5) . . . continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released . . . pursuant to the Plan."  Confirmation Order ¶ 124.

Bronson availed herself of the bankruptcy process by filing a claim as a general unsecured creditor and is subject to the Plan.  The above language in the Plan, which was incorporated into the Bankruptcy Court's Confirmation Order, took the place of the automatic stay and provides a broad federal injunction enjoining creditors such as Bronson from pursuing

their claims and causes of action against Defendant as one of the reorganized debtors.  Under the Plan, Bronson's claim is treated the same as other general unsecured claims.  The Plan provides that general unsecured creditors will share *pro rata* in proceeds if any such proceeds remain after satisfaction of higher priority claims under the Plan.

Bronson asserts that she can continue this action based on language in the Plan allowing claims to go forward with respect to Chubb Insurance Contracts.  But the Chubb Companies are defined as "ACE American Insurance Company, Federal Insurance Company, and/or each of their affiliates and successors."  Bronson seeks coverage under an insurance policy issued by AIG—National Union Fire Insurance, not a Chubb Insurance Company.  The Plan Administrator also points out that the AIG policy contains a substantial self-insured retention component that could not be satisfied given the non-operating and liquidated status of the insured Defendant.

CONCLUSION

The court agrees with the Plan Administrator that Bronson may not further pursue her action before this court, absent relief from the Plan Injunction, which must be sought from the Bankruptcy Court.  The Bankruptcy Court has exclusive jurisdiction over the Confirmation Order and the Plan.  The court, therefore, will not dismiss this action.  However, the court administratively closes the case until such time as Bronson can demonstrate that she has obtained the necessary relief from the Bankruptcy Court.

DATED this 11th day of October 2023.

BY THE COURT:

Dale A. Kimball,
United States District Judge